JOHN D. PERRY *vs.* JAMES W. BIGELOW.

Worcester. Oct. 1, 1879. — Jan. 19, 1880. ENDICOTT & LORD, JJ., absent.

In an action on a promissory note payable at a time certain, parol evidence is inadmissible to show that it was not intended as a note, but merely as a memorandum, or that certain certificates of stock, described in the note as collateral security, should operate as payment of the note at maturity, if not paid before.

CONTRACT on the following promissory note signed by the defendant and indorsed by the payee: "$5000. St. Louis, Mo., January 11, 1877. Four months after date I promise to pay to Frank T. Iglehart, cashier, or order, at the banking-house of Bartholow, Lewis & Co., in St. Louis, Mo., five thousand dollars for value received, negotiable and payable without defalcation or discount, and with interest from maturity at the rate of ten per cent per annum, I having deposited with him as collateral security the following described certificates of the capital stock of the Scotia Lead Mining Company, No. 40 for 25 shares, 41 for 25 shares, 42 for 25 shares, 43 for 50 shares, 44 for 130 shares and 39 for 25 shares, aggregating 280 shares. And hereby authorize him to sell the same at public or private sale or otherwise at his option, on the non-performance of this promise, without notice, and authorize him to use, transfer or hypothecate the same at his option, he being required, on payment of the amount loaned as specified herein, and at any time before said collateral security shall have been sold, to surrender the same."

Trial in the Superior Court, before *Dewey*, J., who reported the case for the consideration of this court in substance as follows:

The defendant offered to show that, on January 11, 1877, the parties made an oral contract, by which the plaintiff was to let the defendant have $5000 in money, less the interest for four months, and the defendant was to transfer to the plaintiff certain shares of the Scotia Lead Mining Company, and at the end of the four months the defendant was to have the right to have the stock back by paying the $5000, and, if he did not do so, the plaintiff was to have the stock absolutely, and the defendant was not to pay the $5000; that the parties were at the banking-house, of which the plaintiff was president, and he suggested that he would like to have it appear as a bank transaction, and accordingly went to the adjoining room, where was the cashier, and returned to the defendant with the note declared on; and that the same was then duly ·executed by the defendant and delivered to the plaintiff, who paid him $5000, less four months' discount. It was agreed that the note was made payable to the cashier for the accommodation of the plaintiff; and that neither the bank nor the cashier had any interest therein.

The plaintiff contended that the above offer of proof was not competent. The judge so ruled; and directed a verdict for the plaintiff for the amount of· the note less $280, for which it was agreed the stock was sold by the plaintiff after the maturity of the note. If the ruling was correct, judgment was to be entered on the verdict; otherwise, the verdict to be set aside and a new trial granted.

*F. T. Blackmer*, for the defendant.

*W. S. B. Hopkins*, for the plaintiff.

AMES, J. The defendant's written contract was a negotiable promissory note, requiring him to pay a certain sum of money at a definite time. The evidence which he sought to introduce was for the purpose of showing that this written contract was not the real contract between the parties; that the note was merely a memorandum; and that certain certificates of stock described in the note as collateral security should operate as payment of the note at its maturity, if it were not previously paid. This evidence could not be received without doing violence to the rule

that oral evidence cannot be admitted to alter a written contract, or to annex to it a condition or defeasance not appearing in the contract itself. *Adams* v. *Wilson*, 12 Met. 138. *St. Louis Ins. Co.* v. *Homer*, 9 Met. 39. *Allen* v. *Furbish*, 4 Gray, 504. It is needless to multiply citations on so familiar a rule of evidence.

*Judgment on the verdict.*