ANTONIO SOLARY, PLAINTIFF IN ERROR, VS. CHARLES E. STULTZ, DEFENDANT IN ERROR.

1. When by a written instrument, signed and delivered by the person making the same to the beneficiary mentioned therein for an expressed consideration, the instrument being silent as to whether the consideration was paid, or as to the time when it was to be paid, the law will presume that it was paid at the time of the delivery thereof.

2. Parol proof to show non-payment at the time of delivery would not violate the principle which forbids the contradiction or variation of a writing by parol.

3. When an instrument in writing sued on is set out in the declaration *in hæc verba*, a plea which adds conditions and stipulations thereto which are not included in said writing, and from which plea it is apparent that it is the foundation for the introduction of illegal evidence, is demurrable.

4. If a day be appointed for the payment of money, and the day *is* to happen or *may* happen before the act, which is the consideration therefor, is to be performed, the payment of the money is not a condition precedent to the performance of the act for which it served as a consideration.

5. An instrument in writing appended to a paper purporting to be a bill for merchandise sold by one Stultz to one Powers in the following words : "In consideration of seven and a half per cent. I guarantee the above bill to the amount of two hundred dollars. (Signed.) A. Solary," which was written by Stultz and presented by him to Solary for his signature as the conclusion of a negotiation between them, and is signed by Solary and delivered to Stultz, is a guaranty and not an offer to guarantee which would require acceptance by the beneficiary and notice thereof to the guarantor.

6. It was of no legal consequence that Powers, the principal debtor, knew nothing of the transaction between Stultz and Solary.

7. Plea of part *payment* of a sum claimed is a proper plea *pro tanto.*

8. An extension of time for payment for a *good consideration* given by a creditor to his debtor, will discharge from liability a person who had guaranteed the debt to the creditor.

9. An agreement by the creditor to extend the time of payment of the debt, guaranteed sixty days upon the debtor paying him a sum of money he owed him on another transaction, is not based on a good consideration, and will not discharge the guarantor.

10. A charge of the court which refers to a jury the construction of a written instrument in evidence before them, and which contains no ambiguity which would justify the introduction of explanatory parol testimony and such evidence is not introduced or offered, is erroneous. The construction of such instrument is the province and duty of the court.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*M. C. Jordan* for Plaintiff in Error.

No Counsel appeared for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court :

Suit was instituted in the Circuit Court of Duval county by Charles E. Stultz against Antonio Solary on an instrument in writing, a copy of which is hereinafter set forth.

There are two counts in the declaration. The first alleges that in consideration that the plaintiff would sell and deliver to one Powers one barrel of Gold Seal Whiskey on four months time, and one barrel of Rye whiskey on sixty days time, and in consideration of $7\frac{1}{2}$ per cent. to be paid to the defendant by said plaintiff at the time when the defendant should become liable by reason of the failure of said Powers to pay for said goods, that the defendant guaranteed and promised the plaintiff to be answerable to

him for said bill to the extent of two hundred dollars and that plaintiff did afterwards sell and deliver to Powers the said goods. The second count alleges that the defendant, on the 21st day of February, 1883, by his guaranty in writing promised to pay the plaintiff two hundred dollars in the words and figures following, to-wit:

"JACKSONVILLE, February 21st, 1883.

"Sold to C. F. Powers, by C. E. Stultz, one barrel Gold Seal, $3.75, terms four months' acceptance; one barrel Rye, $1.25, sixty days acceptance.

"[Signed.] C. F. POWERS."

"In consideration of 7½ per cent. I guarantee the above bill to the amount of two hundred dollars.

"[Signed.] A. SOLARY."

That said whiskey was sold to Powers by reason of and on the faith of said guaranty. That the amount of the bill for both barrels of whiskey was $247.25.

The defendant filed six pleas. The first alleges that the defendant never received any consideration for his supposed guaranty, that the consideration therein mentioned was to be at once paid to defendant on plaintiff's return to Savannah, Georgia, where plaintiff resided, and where said plaintiff was to immediately proceed at the date of said guaranty, and said plaintiff failed to send said 7½ per cent.

2. That it was not true, as alleged by plaintiff, that the consideration of said guaranty was to be paid to the defendant at the time the defendant would become liable to pay for said merchandise by reason of the failure of said Powers to pay for the same.

3. The third plea alleges that in addition to the seven and a half per cent. to be paid by plaintiff to defendant as one of the conditions upon which defendant signed said guaranty the plaintiff was upon his return to Savannah, from which place the goods were to be shipped, to notify

the defendant and send him a duplicate itemized bill of the merchandise mentioned in said declaration immediately upon the shipment of said merchandise to the said Powers, which he failed to do.

4. The fourth plea alleges that the first of the acceptances in said supposed guaranty mentioned, to wit: the acceptance of sixty days, was never presented to defendant for payment until two months after the same became due, and that defendant was never notified or informed of the non-payment of said sixty days acceptance until two months after the same became due.

5. The fifth plea alleges that when the said acceptance of four months became due and payable by Powers, the plaintiff without the knowledge or consent of defendant for a good consideration, to wit: the payment of an open account of one hundred and eighty dollars to said plaintiff, extended the payment of both acceptances for sixty days, during which time the said C. F. Powers became insolvent.

6. The sixth plea alleges that C. F. Powers, by his assignee, paid to the plaintiff the sum of $61.66 upon said bill of merchandise, for which defendant is entitled to credit.

The plaintiff joined issue on the second plea and demurred to the 1st, 3d, 4th, 5th and 6th.

One of the grounds of the demurrer to the 1st plea is that it offers matters resting in parol evidence to contradict or vary the terms of a valid written instrument.

In the second count of plaintiff's declaration he sets out *in hæc verba* the bill and guaranty, and thus makes it a part of his pleadings.

The defendant in pleading thereto says that the consideration therein mentioned was to be paid at once to defendant on the return of plaintiff to Savannah, where he was to

immediately proceed, and that said plaintiff failed to send the defendant the said $7\frac{1}{2}$ per cent. The plaintiff alleges, in his first count that this $7\frac{1}{2}$ per cent. was to be paid at the time that Solary became liable by reason of Powers failure to pay the two hundred dollars guaranteed. Looking at the instrument itself it does not justify either of the positions.

We think the legal presumption from it is, that the $7\frac{1}{2}$ per cent. was paid at the time of its delivery to Stultz. But this presumption is one of that character which could be rebutted by proper evidence, and if not paid at the time of the delivery of the guaranty it at once became a debt due to defendant which he had a right to demand, and if not paid to sue for and recover.

Its payment was not a condition precedent to the liability of the defendant. If he did not insist on its payment at the time of his guaranty, and trusted to the plaintiff to give it to him at some future time, he waived his right to insist on it as a condition precedent to his liability.

Its non-payment under these circumstances would not operate as a want of consideration as set up in the plea.

If a day be appointed for payment of money, and the day *is* to happen or *may* happen before the act which is the consideration therefor is to be performed, an action may be sought for the money *before* performance, for it appears that the party relied on his *remedy* and did not intend to make the performance a condition precedent, and so it is when no time is fixed for the performance of that which is the consideration of the money or other act. " Such is the rule laid down by Sergeant Williams," (1 Wm's. Saunders, 319, and *in note*,) and which has been approved by an unbroken current of decisions. Smith's Leading Cases, Vol. 2, page 25. If the guarantor did not receive the consideration at the time of the delivery of the guaranty by him to

plaintiff, nor afterwards, he was entitled to a set-off or re-coupment of that amount from the two hundred dollars guaranteed if Powers failed to pay the bill.   There was no error in sustaining the demurrer to this plea.

The demurrer to the third plea was properly sustained. The plea lays the ground work for contradicting or vary-ing a written instrument by parol.   While ordinarily such a plea could not be reached by a demurrer, and its impro-priety could only be shown by objection to the evidence re-lied on to sustain it at the trial of the cause, yet where the declaration sets out as it does here the written instrument *in hæc verba*, and it thus becomes a part of the pleadings, a plea which adds stipulations and conditions to it which are not included therein is bad.

We think counsel for appellant is in error, as to this transaction being a mere offer to guarantee the two hun-dred dollars of the bill which would require acceptance on the part of Stultz, and notice to Solary of such acceptance.

The writing, by which Solary guaranteed the sum afore-said contained no condition.   It was complete when it was signed and delivered by Solary to Stultz or his agent. The court held on the following instrument : " Mr. J. C., I will guarantee the payment to you of $625.00 in treasury warrants to be paid on or before the 20th of August on and for account of Mr. J. W., July 13th, 1844," that the person making it was not entitled to notice.   Mathews vs. Chrisman, 12 ; Smeads and Marshall, 295.   See Brandt on Suretyship and Guaranty, sec. 165.¦ It was of no conse-quence that Powers knew nothing of the transaction be-tween Stultz and Solary.⌐ There was no error in sustain-ing the demurrer to this plea.   The record does not show any disposition of the 4th plea by the court.

The fifth plea alleges that at the time when the four months acceptance became due the plaintiff, without the

consent or knowledge of defendant, and for a good consideration, the payment of an open account to plaintiff of $180.00, extended the payment of both of said acceptances sixty days, during which time Powers became insolvent. There was no error in sustaining the demurrer to this plea. Counsel for appellant, in his brief, argues the demurrer to this plea as though it set up as a defence failure of Stultz to demand payment of Powers, and to give him notice of the non-payment. We can see nothing in the plea which sets up such a defense. It sets up quite another—an agreement with Powers for an extension of time of payment. If such extension was given Powers on a good consideration it would discharge Solary from liability. See Daniels on Negotiable Instruments, sec. 1789. But the plea shows that there was no consideration for such extension. The alleged consideration was payment of an open account. We are at loss to see any consideration moving from Powers to Stultz by paying him an account he owed him. Payment would import the discharge of a liability due the person to whom it was made, and of itself would create no reciprocal obligations.

The court erred in sustaining the demurrer to the sixth plea. It was a plea of part payment only, and not a plea setting up payment of a smaller sum in satisfaction of a greater. It operated as an extinguishment *pro tanto* of the plaintiff's demand, and could not avail the defendant as a set off. Chitty on Pleadings, Vol. 11, pp. 20, 445 and 446.

The appellant also assigns as error the first and second charges given by the court to the jury.

"1. If the jury believed from the evidence that Solary guaranteed payment of $200 of the bill which Powers made with Stultz in consideration of 7½ per cent. of $200, to be paid to Solary in case Powers settled the $200 of the amount of said bill when due, and further, that Powers

did not pay so much, at once, when the bill fell due, then Stultz was under no obligation to pay said 7½ per cent., and Solary became responsible to Stultz for the whole amount of said $200, which he guaranteed, and this regardless of the said 7½ per cent."

"2. The jury are the sole judges of the facts, and if they believe from all the evidence in the case that Stultz relied upon Solary, and that the 7½ per cent. mentioned was not to be paid to Solary unless Powers paid the debt when due, and further, that the said Powers did not pay $200 of said bill at maturity, then Stultz did not owe Solary the said 7½ per cent., and said Solary became then liable to pay Stultz the said sum of $200, and their verdict should be for plaintiff."

Each of the above charges was excepted to by the defendant.

These charges cannot be sustained. In the first place they referred to the jury the construction of the guaranty as to when the 7½ per cent. was to be paid. There was no such ambiguity in it as would authorize the introduction of explanatory parol proof of the *time* of payment of the per centage, nor was such parol proof introduced or offered. The construction of this paper was the sole province and duty of the court. Moore, Admr., vs. Leseur and Wife, 18 Ala., 606. They also referred to the jury the construction of the guaranty as to whether or not Stultz was ever to pay the per centage to Solary if Powers failed to pay the bill to Stultz.

These charges were erroneous and injurious to Solary.

If the doctrine they contain that a guarantor on an absolute guaranty of the debt of another for an expressed consideration is not entitled to claim such consideration if the principal debtor fails and he has to pay the debt, or that he is entitled to such expressed consideration only when the

principal debtor pays the debt, be sound law, we very much fear that there would cease to be any such transactions as guarantees.

The court seemed to think that Solary was bound at all events to pay the $200, but was not entitled to the compensation Stultz agreed to give him for the risk he assumed unless Powers should pay the bill.

Judgment reversed and new trial granted.