H. M. LOTT and M. H. WOMACK, *Appellants*, v. BARNES and JESSUP COMPANY, A CORPORATION, *Appellee*.

1. A plea in equity may be overruled because it is too broad.

2. Upon bill filed for the appointment of a receiver and to enforce a mortgage lien containing many grounds of equity, a plea to the entire bill which denies personal liability for the indebtedness secured may properly be overruled.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Liberty County.

The facts in the case are stated in the opinion of the court.

*Raney & Oven* and *J. L. Neeley,* for Appellants;

*Baker & Baker,* for Appellee.

COCKRELL, J.—This is an appeal from an order overruling a plea to a bill filed, to enforce a mortgage lien executed under seal by Lott and Womack upon their turpentine plant lying principally in Liberty county, Florida, in which one R. B. Jackson subsequently acquired an interest subject to the mortgage.

The plea going to the whole bill interposed by Lott and Womack sets up substantially as epitomized in appellant's brief as follows: 'That the said mortgage and the notes thereby secured did not represent and constitute the entire agreement made and entered into by and between the said Barnes and Jessup Company, the North Carolina corporation mentioned in the bill of complaint, but that said instruments were only a part of the entire agreement entered into between the parties, and that it was also agreed between the parties that there was to be no personal liability upon the part of said Lott and said 'Womack, or either of them, or said company, on account of the turpentine, or other business, referred to in said mortgage, or by any agreement, covenant or obligation to be found therein or in either of said instruments, or on account of any advances or expenditures made, and agreed to be made by the said Barnes & Jessup Company thereunder.

and that it was further understood and agreed between said parties that the said Lott and Womack should take charge of said turpentine business and other business contemplated by said instrument to be carried on under the name of said Lott & Womack, and that they should endeavor to work said business and property out of debt, and as a consideration of so doing they should have the property covered by the mortgage and the net profits, if any, for their services, and that the said Barnes and Jessup Company were to make the necessary advances for carrying on said business, and in short, that the Florida corporation which succeeded the North Carolina corporation took over the same obligation, and that the said firm of Lott and Jackson in making the contract of April 9th, 1906, set forth in the bill of complaint, were acting upon the line and in accordance with the original agreement between said Barnes & Jessup Company, and said Lott and Womack in pursuance of the original agreement except that if the advances made by appellee were paid by the firm of Lott and Jackson, the said property was to be held by said Jackson in the proportion of 2-3 and by the said Lott in the proportion of 1-3."

The principal attack upon the plea is that it fails to allege such an agreement as would in dignity overcome the solemn act of the parties as evidenced by the very full and complete sealed instrument set forth in the bill.  There is no attempt to charge fraud or mistake in the execution of the mortgage, nor does it appear wherein it was lacking in definiteness and completeness.  This court does not seem to have definitely settled the question so raised though the cases of Solary v. Stultz, 22 Fla. 263; Booske v. Gulf Ice Co., 24 Fla. 550, 5 South. Rep. 247, and Griffin Bros. Co. v. Winfield, 53 Fla. 589, 43 South. Rep. 687, tend strongly to show the plea vulnerable on this ground.

There is, however, it seems to us, a fatal objection to the plea in that it is entirely too broad. If proven by unobjectionable evidence, it would go only to that feature of the prayer of the bill asking conditionally a deficiency decree. It does not negative the liability placed upon the corpus of the property by the advancement of moneys for its acquisition or improvement. There were other obligations than the prepayment of money which the mortgagors assumed and agreed should subject the property to foreclosure should the obligation not be carried out, for example the duty to give the business personal attention and to keep the plant in good going condition, as also the conditional agreement of the parties that a receivership be appointed should conditions warrant. The plea makes no attempt to show compliance with the conditions imposed by the admitted contract upon the mortgagors.

In their reply brief the appellants urge that they should have been permitted to amend their pleas. We find no request for such amendment, and the suggestion if it ever had merit, comes too late.

The order is affirmed.

WHITFIELD, C. J., and TAYLOR, J., concur.

HOCKER, J., *Concurring.*—I agree to the conclusion of Mr. Justice Cockrell that there is no reversible error in the order of the judge below overruling the plea. Brown v. Solary, 37 Fla. 102, 19 South. Rep. 161 (eleventh and twelfth head notes). But I do not wish to commit myself to the proposition, that if the judge below had overruled the plea, as a plea to the whole bill, and allowed it to stand as an answer to that part of the bill to which it was applicable, such an order would have

been technically erroneous as a matter of pleading.    Mitford & Tylers Pl. & Pr. in Equity, 381 and note 4; United States of America v. McRae, 3 L. R. Chan. App. Cas. 79; Searight, Thornton & Co. v. Payne, 1 Tenn. Chan. Rep. 186; French v. Shotwell, 5 Johns. Chan. (N. Y.) 555; 16 Enc. Pl. & Pr. 604.

SHACKLEFORD, J., *concurring.*—I concur in the conclusion reached by Mr. Justice Cockrell and in the main with what is said in his opinion.    I would like to emphasize one point.    Since the plea "fails to allege such an agreement as would in dignity overcome the solemn act of the parties as evidenced by the very full and complete sealed instrument set forth in the bill," to use the apt words in Mr. Justice Cockrell's opinion, that, in my opinion, makes the plea fatally defective.    This court has consistently and uniformly held, since its organization in 1846 up to the present time, that any pleading, whether in an action at law or a suit in equity, is to be strongly construed against the pleader thereof.    We have further held in pursuance of this principle, that the one filing a pleading must suffer the consequences of omitting therefrom essential matters which are presumed to lie peculiarly within his knowledge and which would tend to make the pleading certain.    We have also held that "when a plea has on the face of it two intendments, it ought to be construed most strongly against the party who pleads it."    Cotton v. Williams, 1 Fla. 37, text 49.    Also see Bennett v. Herring, 1 Fla. 387, text 390.    In Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, text 398, 45 South. Rep. 761, text 789, we held that this principle must apply with especial force to a plea which is in the nature of a confession and avoidance.    It is also an established principle that the *allegata* and *probata* must meet and correspond and that the complainant should al-

lege in his bill the matters upon which he relies and which are material to his case.   Lyle v. Winn, 45 Fla. 419, 34 South. Rep. 158.   In other words, he must allege such matters as he would have to prove, for proof without sufficient allegations is unavailing.   If a replication had been filed to the plea in the instant case, it would have been incumbent upon the defendants to prove the matters averred therein.   Ocala Foundry & Machine Works v. Lester & Daniels, 49 Fla. 347, 38 South. Rep. 56.   This being true, I do not see why the principle enunciated in Lyle v. Wynn, *supra,* is not equally applicable to a plea in equity.   To hold otherwise, it seems to me, would be equivalent to saying that the plea constituted a defense to the bill, whether the agreement undertaken to be set up therein was in writing, under seal, as was the instrument in the bill, upon which the suit is based, or parol. It is obvious that this would not do.

WHITFIELD, C. J., concurs also with SHACKLEFORD, J.

PARKHILL, J., absent on account of illness.