D. G. RIVERS, *Plaintiff in Error,* v. D. W. BROWN, *Defendant in Error.*

1.  To an action upon a promissory note, the terms of which constitute a plain, unconditional promise to pay to the plaintiff on a stipulated date a given sum of money for value received, a plea is bad, upon demurrer, that seeks to contradict, alter and vary the terms of the note so as to make the time of payment uncertain and dependent upon the sale of crossties by the defendant.

2.  A plea charging that the note sued upon was obtained by fraud and misrepresentations is bad when it fails to set up any facts showing fraud, but only a false promise.

This case was decided by Division B.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*J. B. Hodges,* for Plaintiff in Error;

*R. T. Boozer,* for Defendant in Error.

PARKHILL, J.—The defendant in error Brown, sued the plaintiff in error in the Circuit Court for Columbia County upon a promissory note, of which the following is a copy:

"$260.30,                    Lake City, Fla., Jan. 4, 1909.
March the first after date I promise to pay to the order of D. W. Brown Two Hundred and Sixty and 30-100 Dollars, at the First National Bank, Lake City, Florida, for value received with interest at the rate of ten per cent. per annum after maturity until paid. Together with an attorneys' fee of ten per cent. if given after maturity to an attorney for collection.          D. G. RIVERS."

The defendant Rivers filed a plea alleging substantially that the note sued upon was in renewal of a former note, that long prior to the giving of the notes the defendant, Rivers, purchased from the plaintiff certain timber and pine trees and manufactured therefrom cross ties and it was agreed between the parties that Rivers should not pay for the timber until he sold the cross ties to the railroad company and collected the money therefore; that after cutting, manufacturing and stacking a large number

of said cross ties along the railroad track and before the sale thereof, the plaintiff requested the defendant to close the cross tie account by giving him a promissory note for the amount due in order to aid plaintiff in carrying on his business, plaintiff agreeing that he would not negotiate or transfer said note to a third party and would not require payment of said note until the cross ties should be sold and disposed of by the defendant; that defendant, solely upon this consideration, executed and gave to the plaintiff the note sued upon; that said note was in renewal of a former note given under the same circumstances; that the cross ties have not been sold, and thereby the plaintiff has released the defendant from the payment of the note until such time as the cross ties may be sold.

In another plea the defendant alleges that the plaintiff obtained the note from the defendant by fraud and misrepresentations, the fraud and misrepresentations being the facts and circumstances set out in the first plea.

A demurrer to the pleas was sustained, and error is assigned thereon.

The plaintiff in error contends that the note sued upon was not delivered to the plaintiff as present contract, the defendant reserving unto himself the right to refuse to pay the note until the cross ties should be sold, and the claim is made that the defendant is not seeking to vary or contradict the terms of a written contract, but is asking for his rights based upon the conditional delivery of the note.

It is a well settled principle of the law of evidence that proof of a contemporaneous parol agreement is inadmissible to contradict or vary the terms of a valid written instrument. On its face the first plea lays the foundation for the introduction of parol testimony to contradict the terms of the note sued upon and set out in extenso in

the declaration. The note, by its terms, fixed the time of its maturity and the time when the holder might lawfully resort thereto for the collection of the amount due. The terms of the note constitute a plain, unconditional promise on a stipulated date, to pay to the plaintiff a given sum of money for value received. The plea if sustained would contradict, alter and vary the terms of this written contract so as to make the time of payment uncertain and dependent upon the sale and disposition of the cross ties by the defendant. Joyner v. Turner, 19 Ark. 690; Johnson v. Cobb, 100 Ga. 139, 28 S. E. Rep. 72; Dorsey v. Armor, 10 Colo. App. 255, 50 Pac. Rep. 726; Ellis v. Hamilton, 4 Sneed (Tenn) 512; Booske v. Gulf Ice Co., 24 Fla. 550, 5 South. Rep. 247; Solary v. Stultz, 22 Fla. 263; Perry v. Biglow, 128 Mass. 129; Hall v. First Nat. Bank, 173 Mass. 16, 53 N. E. Rep. 154, 73 Am. St. Rep. 255; Wilson v. Wilson, 26 Oregon 251, 38 Pac. Rep. 185; Bank v. Whitlow, 6 Ala. 135; Central Savings Bank v. O'Connor, 139 Mich. 82, 102 N. W. Rep. 280; Mallory v. Fitzgerland's estate 69 Neb. 312, 95 N. W. Rep. 601; Davis v. Randall, 115 Mass. 547, 15 Am. Rep. 146.

Upon a bare inspection of this plea, it is so faulty and defective as to constitute no defense to the action, and will be held bad even under the ground of the demurrer that the plea does not state facts showing any defense to the plaintiff's cause of action. Heathcote v. Fairbanks, Morse & Company, 60 Fla. 97, 53 South. Rep. 950.

This plea does not fall within the principle contended for by plaintiff in error: "The rule that excludes parol evidence in contradiction of a written agreement has no application if the writing was not delivered as a present contract," and "the effect of the delivery and the extent of the operation of the instrument, such as a promissory note, may be limited as between the parties thereto by the

conditions with which delivery was made." Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. Rep. 816. In the case cited the court held: "In an action by the payee of a negotiable promissory note against the maker, evidence is admissable to show a parol agreement between the parties, made at the time of the making of the note, that it should not become operative as a note until the maker could examine the property for which it was to be given, and determine whether he would purchase it."

The allegations of the plea in the instant case show that the note was delivered as a present contract. The note was given to close the account and to aid the plaintiff in carrying on his business. It represented an actual indebtedness existing between the parties for timber actually purchased from the plaintiff and manufactured into crossties. The note, having been delivered as a present contract, expressly stated when the same should become due and payable, and the defendant seeks to change or vary the terms thereof so as to make the time of payment uncertain and dependent upon the sale of the crossties.

The second plea charges that the note sued upon was obtained by the plaintiff by fraud and misrepresentations, and alleging the same facts set out in the first plea. This plea fails to set up any facts showing fraud, but only a false promise on the part of the plaintiff. Both pleas are subject to the second ground of the demurrer, in that each is inconsistent and contradictory in its terms. They allege that the plaintiff agreed not to negotiate, transfer or require payment of the said note until the said crossties should be sold and disposed of, and they allege that the plaintiff proposed to the defendant that he renew the note in order that plaintiff might use the note is his business, and represented that if the defendant would renew the

note it would aid plaintiff materially in carrying on his business.

The judgment is affirmed.

.Taylor and Hocker, J. J., concur.

Whitfield, C. J. and Shackleford and Cockrell, J. J., concur in the opinion. ·