WILLIAM WILLIAMS *vs.* SAMUEL L. SNEIRSON.

Suffolk.    October 16, 1916. — November 28, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Bills and Notes,* Payment. *Mortgage,* Of real estate. *Evidence,* Presumptions and burden of proof. *Contract,* Consideration.

In this action of contract for a balance alleged to be due upon a promissory note after a sale in foreclosure of a mortgage of real estate which had been given to secure its payment, the defendant, in support of an allegation of payment, contended that certain money received by the plaintiff from an insurance company should be recorded as a payment, but it was *held,* that the evidence did not support his contention, since it appeared that the money was expended in repairing the mortgaged property.

In further support of the allegation of payment, the defendant contended that the amount realized at the foreclosure sale was inadequate and that he should be credited with what should have been received; but it was *held,* that, assuming that the validity of the foreclosure proceedings was open to the defendant, which was not decided, it appeared that they were in accordance with statutory requirements, that there was no direct evidence that the amount paid was inadequate and that no inference of invalidity because of inadequacy of price could be drawn from the fact that a mortgage given to the plaintiff by one who had purchased at the foreclosure sale for him exceeded in amount the price for which the property was sold at foreclosure, because the mortgage included an additional amount expended by the plaintiff for repairs, nor from the fact that a price for which the purchaser at the foreclosure sale subsequently sold the property was in excess of the price at the foreclosure sale, because at the time of the subsequent sale the property had been improved.

An agreement by a mortgagor of real estate that he will allow the mortgagee to foreclose the mortgage, which is overdue, is no consideration for an alleged promise on the part of the mortgagee to cancel the mortgage note.

CONTRACT for a balance alleged to be due upon a promissory note secured by a mortgage of real estate after a sale in fore-

closure of the mortgage and an application of the proceeds of the sale toward payment of the note. Writ dated September 18, 1913.

In the Superior Court the case was tried before *Fox*, J. The material evidence is described in the opinion. The defendant made certain requests for rulings which the judge refused "upon the ground, with others, that there was not sufficient evidence to support the requests."

The jury found for the plaintiff in the sum of $995.62; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. W. Tushins*, for the defendant.

*W. A. Parker*, for the plaintiff.

DE COURCY, J. The note in suit, dated May 1, 1909, and signed by the defendant, was indorsed to the plaintiff in April, 1913. It was secured by a mortgage of real estate. This action was brought to recover the balance of the note after crediting the net proceeds of the foreclosure sale of June 30, 1913. The defences relied on were payment and an alleged oral agreement by the plaintiff to accept a deed of the property in payment of the note.

1. There was no evidence to warrant a finding of payment of any sum other than the $650 credited on the note. The $112 received at some time from an insurance company was applied in repairing the property. Assuming that the validity of the foreclosure proceedings is open to the defendant, it appears that they were in accordance with the statutory requirements. There was no direct evidence that the amount paid for the property was inadequate and the mortgage given to the plaintiff by the purchaser at the foreclosure sale included the cost of contemplated improvements in addition to the purchase price. There was evidence that Tower (who apparently bought in the property for the plaintiff) subsequently sold it for a substantially larger sum; but that was after the property had been improved by the expenditure of more money.

2. The contention that the plaintiff agreed to accept the property in payment of the note is not supported by the testimony of the defendant, and is expressly negatived by that of the plaintiff. Indeed the only consideration for the promise to cancel the note set up in the answer, is that "he would allow the plaintiff to fore-

close his mortgage." This the plaintiff had a right to do, as the mortgage was overdue.

3. The foregoing disposes of the exceptions to the judge's charge, and of all the defendant's requests that were supported by evidence, and are now relied upon.

*Exceptions overruled.*