PETER B. CORBETT & others *vs.* CHARLES T. GALLAGHER.

Suffolk.   November 13, 1916. — January 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice,* Demurrer, Amendment. *Frauds, Statute of.*
*Trust,* Creation.

Where an order sustaining a demurrer to a bill in equity gave leave to the plaintiff
to amend his bill within a time named, and later, long after the expiration of the
time named, upon the plaintiff filing a motion to amend his bill, the same judge
denied the motion to amend on the ground that the proposed amendment did not
"remove the valid grounds of demurrer already sustained," and a decree was
made dismissing the bill, it was *said,* that the proper practice would have been
to allow the amendment and to let the defendant demur to the bill as amended;
but, the parties having treated the case as if this had been done, this court con-
sidered the case on that basis.

Under R. L. c. 147, § 1, providing that "No trust concerning land . . . shall be
created or declared unless by an instrument in writing signed by the party or by
the attorney of the party creating or declaring the trust," an alleged oral agree-
ment by a mortgagee of real estate, who after having entered to foreclose took
from the mortgagor a deed of the mortgaged property subject to a former mort-
gage instead of resorting to a foreclosure sale, that he would take possession of
the property, collect the rents and apply them to his mortgage, would pay the
taxes and interest on the first mortgage and would pay off that mortgage in
case of a threatened foreclosure and that, in case of an offer for the property
acceptable to the grantor, he would sell the property and would pay to the grantor
the balance of the proceeds after satisfying his own claim, cannot be enforced in
equity.

Where a second mortgagee of real estate, who has made an entry to foreclose, by
agreement with the mortgagor instead of proceeding to a foreclosure sale takes
from the mortgagor a deed of the mortgaged property subject to the first mort-
gage, a recital in the deed, to the effect that the conveyance shall not operate
as a merger with the mortgage on the property held by the grantee, is in no way
a declaration of a trust.

A promise, made by the grantee under such a deed before its execution, in a letter
written by his agent that, if such a deed is given by the mortgagor, "We will
then see what can be done with the property and whatever we can net at private
sales or otherwise we will credit to the account of the various mortgages and the
accumulation of interest and expenses thereon," is at most a contract and does
not create a trust for the benefit of the grantor in the real estate conveyed.

BILL IN EQUITY, filed in the Superior Court on November 10,
1915, as described in substance in the opinion.

The defendant demurred to the bill, alleging as grounds of de-
murrer the following:

"1. The plaintiffs have not in their bill stated any such cause of action as entitles them, or any of them, to any relief as against this defendant.

"2. The purpose of said bill is to declare a trust concerning land, but it is not alleged that said trust was created or declared by an instrument in writing signed by the party creating or declaring the alleged trust, as by law required.

"3. Even if otherwise the plaintiffs had any rights accruing under the allegations of the bill, they appear on the bill to have been lost by laches."

The case was heard on the demurrer by *Wait,* J., who made an order sustaining the demurrer and gave the plaintiffs ten days within which to amend their bill.

More than a year after the order sustaining the demurrer, the plaintiffs filed a motion to amend their bill by adding the three paragraphs numbered 8, 9 and 10 which are mentioned in the opinion. Paragraphs 9 and 10 are there described. Paragraph 8 was as follows:

"8. That said agreement was evidenced by various instruments in writing signed by the respondent and by others thereunto authorized and in his behalf; to wit, a letter written by Fred A. Fernald, attorney and agent of said respondent, to your petitioner Peter B. Corbett on April 14, 1908, of which the following is material: 'In accordance with your suggestion that you give deeds of the equities and thereby save the expense and publicity attendant upon foreclosure sales of the various properties of yours in South Boston, of which we took possession on April 2nd, 1908, we have finally decided that probably it would be well for such deeds to be made for the property at 440 Fourth Street, 321–5 Broadway, and 198 Silver Street. We will then see what can be done with the property and whatever we can net at private sales or otherwise we will credit to the account of the various mortgages and the accumulation of interest and expenses thereon.'"

The motion was heard by *Wait,* J., who denied the motion by the following order: "After hearing, this motion to amend is denied on the ground that it does not remove the valid grounds of demurrer already sustained."

The plaintiffs appealed from the order. Later the judge made a

final decree that the bill be dismissed with costs, and the plaintiffs appealed.

The case was submitted on briefs.

*T. H. Mahony,* for the plaintiffs.

*G. W. Anderson & M. A. Gallagher,* for the defendant.

DE COURCY, J.   In substance the allegations of the original bill were as follows: That in April, 1908, Mary F. Corbett, under whom the plaintiffs claim, was the owner of two parcels of land in Boston; that the defendant, holding a second mortgage thereon for $2,500, which was due and payable, made an entry to foreclose and threatened to make sale; that the plaintiff Peter B. Corbett, acting for his wife Mary F., orally agreed with the defendant that the latter should take possession of the property, collect the rents and apply them to his mortgage, pay the taxes and interest on the first mortgages, pay off the first mortgages in the event of foreclosure thereof being started, and, if an offer of purchase should be made acceptable to Mary F. Corbett or her husband, he would sell the property and pay to Mary F. the balance of the proceeds after satisfying his own claim.   It further alleged that Mrs. Corbett, pursuant to such agreement, gave the defendant a deed of the property; that he collected the rents until October, 1912, and then sold the premises without the knowledge of the plaintiffs, and refused to account to them for the proceeds.

The trial judge sustained the defendant's demurrer, and allowed the plaintiffs ten days in which to amend.   Later the motion to amend was denied, on the ground that it did not "remove the valid grounds of demurrer already sustained," and the bill was dismissed. The proper practice would have been to allow the amendment and to file the demurrer anew; but, as the parties have treated the case as if this had been done, we prefer so to consider it.   See *Capaccio* v. *Merrill,* 222 Mass. 308.

Without considering the other grounds set out in the demurrer to the original bill, the statute of frauds was conclusive.   If the alleged oral agreement could be construed as creating a trust, it would be an express one, and invalid by force of R. L. c. 147, § 1, which provides that "No trust concerning land . . . shall be created or declared unless by an instrument in writing signed by the party or by the attorney of the party creating or declaring the trust."

The amended bill sought to meet this objection by inserting three new paragraphs, marked 8, 9 and 10. Paragraphs 9 and 10 state the recitals in the deeds to the defendant, to the effect that the conveyance should not operate as a merger with his mortgage, under which an entry to foreclose had been made. Manifestly these had no effect to declare a trust. And we think the same is true of the letter written by Mr. Fernald to Peter B. Corbett on April 14, 1908, and set out in paragraph 8 of the amended bill. The promise therein at most is a contract, an agreement to credit on the various mortgage notes the net proceeds of a sale. It cannot be construed as manifesting any such trust as the plaintiffs allege. *Bourke* v. *Callanan,* 160 Mass. 195. *Rose* v. *Fall River Five Cents Savings Bank,* 165 Mass. 273. *Tourtillotte* v. *Tourtillotte,* 205 Mass. 547. See *Hall* v. *First National Bank of Chelsea,* 173 Mass. 16.

It is unnecessary to examine the other grounds of demurrer.

*Decree affirmed with costs.*