## 9779

### LEWIS v. WILSON, JR., *ET AL.*

#### (93 S. E. 242.)

EVIDENCE—PAROL AGREEMENT—CONTRADICTING WRITING—TIME OF PAYMENT.—Parol agreement to renew note from year to year for definite time upon payment of interest, although made to induce written contract to pay on a fixed date, contradicts the writing, and is incompetent.

Before MOORE, J., York, August, 1916. Affirmed.

Action by M. S. Lewis against W. B. Wilson, Jr., and others. From an order striking out the answer and counterclaim, defendants, W. B. Wilson, Jr., C. J. Walker and Margaret Wilson Walker, appeal.

*Messrs. Wilson & Wilson,* for appellants, cite: *As to proof of parol collateral agreements:* McKelvey Ev., secs. 275, 277, pp. 367, 368; 27 S. C. 376; 16 S. C. 352, 357; 31 S. C. 313, 319; 15 S. C. 505; 26 S. C. 304 and 312; Jones Mtges., secs. 64, 384, 612, 1297; 3 S. C. 332. *Proof of consideration:* 13 S. C. 328, 331, 334; 61 S. C. 168.

*Mr. W. W. Lewis,* for respondent.

July 24, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellants thus state their case: "The debt involved in this action was contracted for the sole individual benefit of the defendant, C. J. Walker. The mortgage executed by Margaret W. Walker and the indorsement by W. B. Wilson, Jr., securing the payment of said debt, were acts of accommodation. The object in making debt was to enable C. J.

Walker to invest in a bakery business in Chester. The inducement was a cotemporaneous and independent agreement that the plaintiff, M. S. Lewis, would carry the loan, by renewal notes from year to year, for a definite period, upon payment of interest. The debt would not have been contracted by C. J. Walker, neither would W. B. Wilson, Jr., have indorsed, nor Margaret W. Walker have executed the mortgage on her house and lot, except for said agreement. It was the moving consideration. Payment of interest was tendered and renewal note offered on proper date by defendants and refused by plaintiff, in violation of his said agreement. Defendants, by answer, in addition to setting up said agreement by way of defense, also claim damages by way of counterclaim. On motion of plaintiff, the Circuit Judge ordered that all matters interposed by way of defense, and also all matters by way of counterclaim in defendants' answer be stricken out, on the ground that 'since, therefore, the evidence of such alleged cotemporaneous oral agreement is conceded as resting merely upon testimony, as a verbal agreement, if it could be shown, would contradict the express terms of the written contract between the parties, it is clear that such testimony would be inadmissible under the well established rule that parol evidence is not competent to vary or contradict the terms of a written instrument.' From this order defendants appeal, on the exceptions stated in case."

There are three exceptions, but only one question argued, and that is, Was Judge Moore in error in striking out the answer and counterclaim arising from the parol agreement to renew the securities at their maturity? There is really no dispute about the law of the case. The only question is as to the application of the rule. Was there a separate parol agreement set up in the answer that did not vary or contradict the written agreement? The answer and counterclaim did not set up a separate or even a cotemporaneous agreement. The allegations are that the parol agreement

was the inducement for the execution of the written contract. The agreements, therefore, preceded the written contract. The written contract set up a fixed day for payment, and the payment on that day was required. If the answer was allowed to stand, the defendants would be allowed to prove by parol that the day fixed by the writing was not the true day. The answer alleged that by the parol agreement the plaintiff "would carry the loan from year to year upon payment of interest, until he had paid off said machinery debts," etc.

The parol agreement set up, not only contradicted the written agreement, but would have put it in the power of the defendants to entirely defeat the collection of the debt.

The order appealed from is affirmed.

Mr. Chief Justice Gary did not participate in the consideration of this case.