EDWARD J. DOWNING & others *vs.* JAMES J. BRENNAN & another.

Suffolk.   February 24, 1919. — April 2, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Mortgage,* Of real estate.  *Contract,* In writing.  *Evidence,* Extrinsic affecting writings.  *Frauds, Statute of.  Equity Jurisdiction,* For an accounting.

In a suit in equity by mortgagors of real estate to set aside a foreclosure of the mortgage, evidence of an alleged oral agreement, made by the mortgagee at the time the mortgage was given, that the mortgagors should have as long a time as they desired "to pay and liquidate whatever sums of money should be secured by" the mortgage, is not admissible to contradict and control the express terms of the note secured by and described in the mortgage.

In such a suit evidence of an alleged oral promise on behalf of the mortgagee to have the property bid in at the foreclosure sale for the mortgagee and held for the plaintiffs so that, whenever they should pay the amount due to the mortgagee, the mortgagee would convey the property to them, is not admissible, because under R. L. c. 147, §1, such a trust concerning land, which was not in writing, would be invalid by force of the statute of frauds.

In the same suit it was *held* that the trial judge was not obliged to retain the bill for the purpose of an accounting between the parties, when the only purpose of such accounting would be to determine the amount which the plaintiffs should pay upon a conveyance of the mortgaged property to them, to which they were not entitled.

In the same suit it was *pointed out* that an allegation, that the mortgaged property was worth much more than the amount of the indebtedness, stated no ground for impairing the validity of the foreclosure, where it appeared that the mortgagee in making and conducting the sale acted in good faith and with reasonable regard for the interests of the mortgagors.

BILL IN EQUITY, filed in the Superior Court on October 25, 1917, and afterwards amended, to set aside mortgages on the respective interests of the plaintiffs Katharine E. Downing and John J. Downing in certain real estate in the part of Boston called South Boston and for an accounting, as described in the opinion.

After the sustaining of two previous demurrers and amendments of the bill, the case was heard by *Chase,* J., upon the defendants' demurrer to the bill as finally amended.  The material allegations of the bill are described in the opinion.  It having been admitted by the plaintiffs that the agreements, promises and trusts alleged and relied upon by them were oral and that there should be no further amendments of the bill, by order of the

judge a final decree was entered dismissing the bill; and the plaintiffs appealed.

The case was submitted on briefs.

*J. M. Gove,* for the plaintiffs.

*I. R. Clark, N. B. Vanderhoof & A. E. Little,* for the defendants.

DE COURCY, J.   Among the facts alleged in the bill in equity, or set forth in the exhibits attached thereto, are these: In March, 1907, Katharine E. Downing and John J. Downing were carrying on the liquor business in Boston under the firm name of John J. Downing and Company; and the firm was indebted to the Spring-field Breweries Company in a sum exceeding $5,000.   The plaintiffs and Margaret D. Fort owned certain real estate in South Boston, the legal title of an undivided two thirds apparently being in Katharine and one sixth in Edward J. Downing.   In order to secure the payment of certain notes, and the existing and future indebtedness of the firm on open account, Katharine executed a mortgage on said real estate (which was ratified by Edward J.) to one Curley, dated March 9, 1907; and on April 5, 1907, this mortgage was assigned to the Springfield Breweries Company.   Edward J. Downing gave to the breweries company a mortgage of his interest in the property on March 7, 1912.   The firm of John J. Downing and Company was adjudicated bankrupt on June 12, 1912; and on March 4, 1913, the trustee in bankruptcy of Katharine conveyed her interest in the real estate to Mary E. Downing.   On April 10, 1913, an entry to foreclose each of the mortgages was made; and the property was sold at public auction, under the powers contained in the instruments, to the defendant James J. Brennan.

This bill in equity was filed on October 25, 1917, was later amended, and on March 2, 1918, a demurrer to the bill as amended was sustained.   A second amendment was filed by leave of court on April 3, 1918, and a third was allowed on June 24.   On November 18 a demurrer to the amended bill was sustained, and a decree was entered dismissing the bill.   The case is before us on the appeal of the plaintiffs from this final decree.

The bill is variously described by the plaintiffs as one "to enforce and establish an oral trust in said real estate, . . . to establish an equitable mortgage on said real estate, . . . to redeem real estate from said mortgages," and "to redeem, and for discovery

and accounting;" and they allege that "by reason of all the facts set forth, said described real estate is subject to an equitable or constructive trust, or equitable mortgage, as security only for the indebtedness due to the defendant company from the plaintiffs, if any, and the plaintiffs are to have under and by virtue of the same as much time to pay the indebtedness as desired by them."

The plaintiffs claim relief on two grounds. The first is, in substance, that when the mortgages were given, said Curley, on behalf of the Springfield Breweries Company, promised and agreed that the firm of John J. Downing and Company, "should have as long a time as . . . said firm desired to pay and liquidate whatever sums of money should be secured by" said mortgages. As to this it is enough to say that the alleged contemporaneous oral agreement would not be admissible to contradict and control the express terms of the notes secured by and described in the mortgages. And, as the real consideration of the notes and mortgages is undisputed, the mere failure of the breweries company to carry out the alleged oral promise as to the time of payment would not constitute actionable fraud entitling the plaintiffs to avoid their agreement. *McCusker* v. *Geiger*, 195 Mass. 46.

The second ground for relief is an alleged promise by Curley, as president of the Springfield Breweries Company, to have the property bid in at the foreclosure sale for the company, and held for the plaintiffs, so that whenever they should pay the amount due to said company it would convey the property to them. The date of the alleged promise is "on or about April 13, 1913"—which was subsequent to the foreclosure sale. But even construing the allegation as that of a promise made before the sale, it would be without consideration and unenforceable. *Williams* v. *Sneirson,* 225 Mass. 199. The notes were overdue, and there was a breach of the conditions in the mortgages; the sale was legally carried out in accordance with the terms of the power; and nothing was done by the mortgagee to discourage the attendance of bidders. And, as the alleged promise to hold and reconvey the property to the plaintiffs was not in writing, it was invalid by force of the statute of frauds. R. L. c. 147, §1. *Walker* v. *Locke*, 5 Cush. 90. *Rose* v. *Fall River Five Cents Savings Bank*, 165 Mass. 273. *Corbett* v. *Gallagher*, 225 Mass. 480.

Other allegations in the amended bill are not argued by the

plaintiffs. Dealing with them briefly: So far as appears, the alleged promise to extend reasonable credit to John J. Downing and Company was performed. The allegation that the Springfield Breweries Company refused to make any accounting in connection with the mortgage indebtedness would seem to be negatived by other statements in the bill, including one that the company proved its claim against the bankrupt estate and received a dividend of thirty-nine and one half per cent, before the foreclosure. In any event, the trial judge was not obliged to retain the bill in equity for the purpose of an accounting between the parties; especially as the only purpose therefor was to determine the amount which the plaintiffs should pay in return for the conveyance to them of the real estate.

The allegation, that the property was worth much more than the indebtedness, standing alone does not impair the validity of the foreclosure sale, where it appears that in making and conducting the sale the mortgagee acted in good faith and with reasonable regard for the interests of the mortgagor. *Stevenson* v. *Dana,* 166 Mass. 163. *Austin* v. *Hatch,* 159 Mass. 198.

It is unnecessary to consider the other grounds set up in the demurrer.

*Decree affirmed.*