## H. R. NAFTALIN v. LA SALLE HOLDING COMPANY.[1]

December 30, 1921.

No. 22,538.

**Bills and notes—agreement to extend due date not a defense.**

1. An alleged agreement, made at the time of the execution of a promissory note, that the due date thereof should be extended until there was sufficient money in the treasury of the maker to pay the same, is not a legal defense when suit is brought on the note at its maturity.

**Another action pending not a defense—stay.**

2. The pendency of an equity suit between the parties, the issues of which do not affect the right to judgment upon the note, is no defense. Nor is defendant entitled to a stay in this action on the theory that some claim against plaintiff may grow out of the determination of the equity suit, for the amended answer contains no allegation of insolvency of plaintiff.

**No error in court calling an issue false.**

3. Defendant cannot complain that a concededly false issue tendered by it, was so characterized in the order of the court.

**Striking out pleading proper—decision correct.**

4. The amended answer was properly stricken and judgment ordered for plaintiff.

[1]Reported in 186 N. W. 128.

Action in the district court for Hennepin county to recover $952.50 upon a promissory note. Plaintiff's motion to strike out certain por-tions of defendant's amended answer as sham and frivolous was granted by Dickinson, J., and judgment in favor of plaintiff ordered. From the judgment entered pursuant to the order for judgment, de-fendant appealed. Affirmed.

*Louis L. Swarthe*, for appellant.

*Shearer, Byard & Trogner*, for respondent.

HOLT, J.

In a suit on a promissory note the amended answer was struck out as sham and frivolous and judgment ordered for plaintiff. The appeal is from the judgment.

The stricken pleading alleged as a defense an agreement by plain-tiff to extend the time of the note, and the pendency of an equity action, between the parties hereto, which it is claimed must first be determined in order for defendant to safely use the funds now in the treasury to pay the note. It is also alleged that plaintiff has subscribed for shares of the increased capital stock of defendant, the validity of which issue of stock is involved in the equity suit.

Plaintiff is a stockholder in defendant, a corporation which erected and operates an office building in Minneapolis. It appears that de-fendant needed funds to erect the building, and the stockholders lent the corporation $90,000. The note in suit represents the money plaintiff loaned defendant. The amended answer admits the execu-tion of the note on August 19, 1919, "and alleges that although the due date on said note is written that the same should be paid one and one-half years after date thereof, in truth and in fact, said plaintiff and defendant entered into an agreement at the time of the execution and delivery of said note wherein and whereby it was agreed by and between plaintiff and defendant that the pay-ment of the said promissory note should and would be extended from time to time until there was a sufficient amount of money in the treasury of the defendant company with which to pay the said promissory note, after first paying all of the regular fixed charges and obligations of the defendant, such as taxes, ground rent, in-

terest on mortgages, and the upkeep and maintenance of the property of the defendant company, and that there is not sufficient money in the treasury of the defendant company with which to pay said note, after first paying the fixed charges."

No authorities need be cited and no legal principles invoked to show the foregoing to be a sham defense. The proof of such contemporaneous agreement would not be admissible to vary and contradict the terms of the note.

There is a further allegation that in the first part of July, 1920, plaintiff, for a valuable consideration, agreed with defendant and the other stockholders to extend payment until the company could raise sufficient money to pay all the stockholders the $90,000 borrowed from them. That this attempted defense is sham and frivolous is patent, for when, on the oral agreement, defendant's counsel was requested to point to anything in the record to substantiate the good faith of the allegation, he could only suggest a resolution found in defendant's minutes of July 7, 1920, to this effect:

"Resolved further, that if necessary, an extension of time be obtained from the creditors of the corporation for the purpose of carrying the resolution to sell stock into effect so that the money can be collected for use in payment of the obligations, but in no event shall an extension be obtained and the time for receiving payment for sale of stock be extended beyond January 10, 1921."

This is far from indicating an extension obtained. It is not even claimed that plaintiff was present when the resolution was passed. Furthermore, if there had been an extension pursuant thereto, it would not be applicable to this note which did not fall due until February 19, 1921, more than a month after the expiration of the proposed extension.

Alike devoid of legal merit are the allegations of an agreement to extend the time until the equity suit referred to shall be determined. An agreement of the sort with a corporation would naturally appear in its minutes, or records or by some written instrument. The secretary of defendant, who is also its attorney, upon a previous motion on which the original answer was stricken as

sham and frivolous, made a lengthy affidavit in respect to what defendant's minutes, records and documents show, but therein is no mention of any agreement for extension of the time of payment of this note. And, on the motion to strike out the amended answer, no counter affidavit whatever from him or from any other officer or agent of defendant was adduced, hence the supporting affidavits of plaintiff must be taken as true to the effect that no agreement of extension of time was ever made with plaintiff either expressly or impliedly.

The allegations in respect to the equity suit, brought by plaintiff long before this action, to set aside the issue and sale of an increased capital stock of defendant, do not furnish a defense herein. It appears conclusively that plaintiff offered to dismiss the equity suit if the note was paid. But defendant insisted that he not only dismiss that suit on the merits, but also obtain releases from other stockholders ratifying what defendant had done with reference to the increased capital stock issue. That action was brought by plaintiff individually and not in behalf of any other stockholder, and he could effectually dismiss it before trial. But that aside, we fail to see any element of a defense or estoppel in the equity suit which may be pleaded in this action, or any right to a stay herein until the determination of the equity suit, for, whether plaintiff or defendant prevails therein, the legal right to recover on this note remains absolutely the same. There is no equity involved, no insolvency pleaded which would entitle defendant to a stay under the rule in Richardson v. Merritt, 74 Minn. 354, 77 N. W. 234, 407, 968, or American Hardwood Lumber Co. v. Joannin-Hansen Co. 99 Minn. 305, 109 N. W. 403, 9 Ann. Cas. 477.

That defendant is indebted to others, or that it has no funds to use for the payment of the note, or that it might be forced into bankruptcy on account of plaintiff, a stockholder, insisting upon placing the note in judgment, surely does not, singly or combined, constitute a legal defense. This note is not made payable out of any special fund.

Complaint is made because the court found that 900 shares of the increased capital stock of defendant had been sold and the full par

value of $90,000 paid to defendant prior to the bringing of the action. It was true. Plaintiff's affidavits to this effect went wholly unchallenged. Defendant tendered the issue of its inability to collect the $90,000 because of the pendency of the equity suit, and, when this issue is virtually conceded to be false; it has only itself to blame if any harm results from the recitation in the order of the fact that it has sold the increased stock issue and received the full par value therefor, viz., $90,000.

The amended answer was a second attempt to state a defense. We think it signally failed, and from the whole record it is so clear that defendant has no legal defense that the court rightly directed judgment without permitting any further attempts to present sham, false and frivolous issues. Towne v. Dunn, 118 Minn. 143, 136 N. W. 562.

The judgment is affirmed.