## NELSON v. SAPULPA STATE BANK.

No. 10943—Opinion Filed Jan. 23, 1923.

(Syllabus.)

1. **Bills and Notes—Action on Note—Sufficiency of Answer — Oral Agreement Changing Due Date.**

   In an action by A. on a promissory note against B., where B. answered admitting the execution of the note and having received the full consideration in the way of the full amount of the loan for which the note was executed, but interposed as an affirmative defense that, although the note according to its terms was due 60 days from date, according to an oral agreement entered into at the time of the execution of the note, the note was to be renewed from time to time until B. had been given one year in which to pay the loan, held, that the trial court committed no error in sustaining the demurrer to B.'s answer.

2. **Same—Judgment—Affirmance.**

   Record examined, and held, that the judgment of the trial court be affirmed.

   Error from District Court, Tulsa County; Owen Owen, Judge.

   Action by the Sapulpa State Bank against Stephen B. Nelson upon a promissory note. Judgment for plaintiff, and defendant brings error. Affirmed.

   Shell S. Bassett, for plaintiff in error.

   Ellinghausen & Ellinghausen, for defendant in error.

   KENNAMER, J. Stephen B. Nelson prosecutes this appeal to reverse the judgment of the district court of Tulsa county rendered in favor of the Sapulpa State Bank for the recovery of $4,000, with interest at the rate of ten per cent. per annum from

the 24th day of April, 1918, and $420 attorney's fees, due upon the promissory note executed by Nelson to the bank.

The defendant answered in the action and admitted the execution of the note and that he received the $4,000 as a loan, for which the note was executed, but for an affirmative defense alleged that as one of the inducements for having made said loan, the execution and delivery of said note, the bank had agreed to make the loan for a year or longer and to renew and extend the note from time to time until the defendant had been given a year's time in which to pay the money borrowed from the bank.

The trial court sustained a demurrer to this part of the answer, and the defendant declined to plead further, whereupon the court rendered judgment in favor of the plaintiff on the pleadings. It is the action of the trial court in sustaining the demurrer to the defendant's answer that is argued as error on this appeal.

Counsel argues that where a note is delivered subject to conditions precedent, it is not a complete contract so that performance may be enforced by the parties subject to the conditions until he has performed the conditions, and in support of this contention cites the cases of Jones v. Citizens' State Bank, 39 Okla. 393, 135 Pac. 373; Gamble v. Riley, 39 Okla. 363, 135 Pac. 390; Adams v. Thurmond, 48 Okla. 189, 149 Pac. 1141.

A careful examination of these authorities discloses that they are inapplicable to the question involved in the instant case. The first case, Jones v. Citizens' State Bank, supra, was where the note was made for the purchase price of real property, and the note was delivered conditionally that the seller of the property must convey title by warranty deed. The issues in the case were, whether or not the note was delivered on the condition the maker was to have a warranty deed to the land purchased, and failure of consideration. It is quite clear this class of cases does not support the contention of counsel that the answer of the defendant in the instant case stated any defense.

The note made by Nelson to the bank in this case was due in 60 days from its date, and the consideration for the note, which was the loan of $4,000, was received in full by Nelson. Under these facts, the note is a binding contract. The contention of counsel for Nelson, briefly stated, is that, although the written note obligates the defendant to pay the money within 60 days, the written note is not the exclusive evidence

of the defendant's obligation in respect to the time agreed upon for the payment of the money loaned on the note. That the defendant was entitled to show by parol evidence that the contract as to the time of payment was one year instead of 60 days. We do not agree with counsel for the plaintiff in error in this contention. It is not alleged or contended that any fraud or mistake was committed in executing the note. Therefore, the note is conclusive evidence as to the date on which it must be paid.

It is our conclusion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, V. C. J., and McNEILL, KANE, COCHRAN, and BRANSON, JJ., concur.