BOYER BROTHERS, INC., A CORPORATION, *Plaintiff in Error*,
v. THE MIAMI NATIONAL BANK, A NATIONAL BANKING
ASSOCIATION, *Defendant in Error*.

En Banc.

Opinion Filed June 24, 1925.

In an action by the holder of a promissory note payable "ninety
days next after date," by amended pleas in bar the payee,
who was the defendant, averred, as a defense to the action,
a contemporaneous oral agreement among the parties, by the
terms of which the payee agreed to accept the note in payment
of the maker's past due indebtedness, and the holder agreed
to discount the note for the payee and to extend the date of
payment for at least two additional similar periods. *Held*:
The defense attempted to be interposed is within the rule
excluding evidence of a contemporaneous parol agreement
varying or contradicting the terms of a valid written instru-
ment, and the order sustaining demurrers to the pleas there-
fore not error.

A Writ of Error to the Circuit Court for Dade County;
H. F. Atkinson, Judge.

Affirmed.

*E. B. Kurtz* and *Wm. L. Reed,* for Plaintiff in Error;

*A. B. & C. C. Small,* for Defendant in Error.

WEST, C. J.—This action is to recover on a promissory
note. The declaration is in the usual form. It alleges the
making and delivery of the note by C. P. Rhody to the de-
fendant, which, prior to maturity, for value endorsed it to
plaintiff and plaintiff thereupon became the owner and
holder thereof. Damages in the amount of the principal
and interest, with costs and attorney's fees, stipulated in

the note to be paid by the maker and endorser, are claimed.

Demurrers to amended pleas of defendant having been sustained, and the defendant not desiring to plead further, judgment was entered for plaintiff. To review the judgment writ of error was taken from this court.

The note, copy of which is attached to the declaration, is dated February 1, 1922, and is payable "ninety days next after date." It is signed "C. P. Rhody" and endorsed "Boyer Brothers, Inc., Samuel A. Boyer, Treas."

The defense interposed is by pleas in bar, not in abatement of the action.

The amended pleas are substantially the same in substance, though stating the defense in somewhat different form. The first, which is typical, is as follows:

"That at the time of the execution and delivery of the note herein sued upon, and likewise at the time of the endorsement of said note to the plaintiff herein by said defendant, to-wit: On February 1st, 1922, one, C. P. Rhody, being the same C. P. Rhody mentioned in plaintiff's declaration, was a tenant in certain property of this defendant in Miami, Florida, known as the Martinique Hotel; that at said time the said C. P. Rhody and this defendant were depositors and customers of the plaintiff; that at said time the said C. P. Rhody was in default in the payment of his rentals to this defendant in the sum of Two Thousand ($2,000.00) Dollars and this defendant had previously notified the said Rhody of its intention to forthwith dispossess the said Rhody from said premises in the event said rental was not paid; that the plaintiff, through its duly authorized officers interceded in behalf of the said C. P. Rhody with this defendant and requested this defendant to give the said Rhody additional time in which to pay said sum of Two Thousand ($2000.00) Dollars; that in consideration of the

VOL. 90, JUNE TERM, 1925.        67

Boyer Bros. v. Miami Natl. Bank—Opinion of Court.

premises and in consideration of the additional.time to be allowed the said Rhody, it was finally agreed between the said Rhody, this defendant and the plaintiff herein that if the said Rhody would execute and deliver to this defendant his promissory note for Two Thousand ($2000.00) Dollars·payable in ninety (90) days, this defendant would accept said note thus allowing the said Rhody additional time in which to make said payment and the plaintiff then and there agreed in consideration of the premises and in consideration of the additional time to be allowed the said Rhody in which to make said payment, to discount and accept said note from this defendant and if not paid at maturity by the said Rhody, to extend same for at least two (2) periods of ninety (90) days each before plaintiff would expect or demand payment from·this defendant on account of said note or any amount due or to become due thereunder; that on February 1st, 1922, pursuant to said agreement as aforesaid, and in the presence of the duly authorized officers of the plaintiff, the said Rhody executed and delivered the promissory note herein sued upon to this defendant, and this defendant likewise pursuant to said agreement forthwith endorsed and delivered said note to the plaintiff herein; that the time of the execution and delivery and endorse· ment of said note as herein alleged, it was understood and agreed between the plaintiff, this defendant and the said C. P. Rhody that the plaintiff would and did accept said note made by the said C. P. Rhody to the defendant as aforesaid, and would extend same for at least two (2) periods of ninety (90) days each before plaintiff would expect or demand payment from this defendant for said note or any amount due or to become due thereunder; that upon the maturity of said note, this defendant requested said plaintiff to extend the payment of said note in accord-

ance with said agreement, but that the plaintiff wholly disregarded said agreement and instituted this suit.''

Stripped of legal phraseology, the amended pleas set up a contemporaneous oral agreement among the parties by which, in consideration of defendant's acceptance of Rhody's 90-day note (the note sued on) for a past due indebtedness, payment of which defendant was insisting upon, plaintiff would discount the note, allowing defendant credit therefor, and would, at maturity, extend the time of payment indicated in the note for at least two additional periods of 90 days each. This alleged agreement is clearly within the rule excluding evidence of a contemporaneous oral agreement attempting to vary or contradict a valid written instrument. The order sustaining the demurrer to the pleas was therefore not error. Forbes v. Ft. Lauderdale Merc. Co., 83 Fla. 66, 90 South. Rep. 821; Strickland v. Jewel, 80 Fla. 221, 85 South. Rep. 670; Rivers v. Brown, 62 Fla. 258, 56 South. Rep. 553; Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870. So the judgment is affirmed.

Affirmed.

WHITFIELD, TERRELL AND STRUM, J. J., concur.