## WIGNALL v. MONTGOMERY et al.

### No. 21871. Sept. 10, 1935.

J. B. Dudley, for plaintiff in error.

Ames, Cochran, Ames & Monnet, for defendant in error.

PER CURIAM. In this action the plaintiff in error was sued by the defendants in error and judgment rendered on the pleadings in favor of the defendants in error. The parties will be referred to herein as they appeared in the trial court.

In order to get clear conception · of the issues involved in this appeal, it is necessary to consider the allegations of the defendant. The plaintiffs prayed for a judgment on a promissory note signed by the defendant, alleging valuable consideration, maturity of the note, and failure to pay. To the petition the defendant in the answer denies each and every material allegation in the petition contained except such as are thereinafter specifically admitted, and in this connection she admits the execution and delivery of said note sued upon.

Thereafter in the answer she sets out in detail a certain transaction with the plaintiffs, and alleges substantially that she executed the note and sets forth the consideration, and sets out as a defense thereto that the plaintiffs orally agreed with her that she would not be called upon to pay said note upon the date the same became due by its terms. From the answer (C.-M. p. 118):

"That the defendant agreed orally to execute a note representing the amount due the plaintiffs on condition she would not be required to pay the same until she financed said enterprise and secured the funds with which to reimburse them. * * * In other words, said note was executed and delivered upon the condition it was not to be paid when due, but when the defendant refinanced the enterprise hereinbefore referred to and by reason thereof the plaintiffs are not entitled to recover for said note at this time."

It will be seen from the answer that the defendant seeks to plead in her answer that the note was due at a different time from the date contained in the note, or when she could refinance the enterprise. She does not allege mutual mistake, fraud, or failure of consideration, and she admits both the execution and delivery in her answer thus filed.

The trial court sustained a motion of plaintiffs for judgment on the pleadings, and the same·is assigned here as error.

The plaintiff in error cites many authorities to the general effect that a general denial puts in issue all of the allegations of the petition, but in this case the defendant admits the execution and delivery of the note sued on, and in addition thereto sets out the consideration for the execution of the note, and in no wise pleads or attempts to plead a defense, save and except that the plaintiffs agreed to extend the same in order to permit the defendant to refinance if the defendant was not able to pay the same when the note became due by its terms.

The rule has been well stated by the Supreme Court of Kansas and in fact virtually all of the states of the Union. In Commercial Nat. Bank v. Hutchinson Box Board & Paper Co., 158 P. 44, the Supreme Court of Kansas, speaking upon this question, lays down this rule:

"A parol contract made at the time of or previous to the execution of a negotiable promissory note cannot be pleaded nor proved to show that the note was not to be paid at maturity, but was to be extended for a definite period."

To the same effect and by the court in First Nat. Bank v. Staab (Kan.) 171 P. 3, the same rule is announced and discussed at length.

In Nelson v. Sapulpa St. Bk., 88 Okla. 155, 212 P. 309, this court held:

"In an action by A on a promissory note against B, where B answered admitting the execution of the note, * * * the note was to be renewed from time to time until B had been given one year in which to pay the loan; held, that the trial court committed no error in sustaining the demurrer to B's answer."

In the opinion of the court in that case the court stated:

"It is not alleged or contended that any fraud or mistake was committed in executing the note. Therefore the note is conclusive evidence as to the date on which it must be paid."

It will be seen from these opinions and upon an examination of the authorities from the various states that the rule as above announced is well settled.

In this case the defendant not only admits the execution of said note, but admits the delivery thereof, and in addition thereto pleads and sets forth a valuable consideration and only defends upon the ground and for the reason that the plaintiffs agreed at the time of the execution of said note that the defendant would not be called upon to pay said note at its due date, and she does not allege fraud or mistake in the execution thereof.

We are therefore of the opinion that the trial court properly sustained the motion for judgment on the pleadings, and this case is accordingly affirmed.

The Supreme Court acknowledges the aid of District Judge John B. Ogden, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion was adopted by the court.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.