HENDRY, Judge.
Plaintiff, appellant, sued defendant, appel-lee, to recover the unpaid balance on a de *566 mand promissory note with, a face amount of $50,000, executed by the defendant and payable to the order of the plaintiff. The note contained the following inscription on the reverse side:
“This note is one of a group of three notes, each with equal dignity. Payable as follows:
“1. Mr. Jack Rothstein, $50,000.00
“2. Mr. Abe Parker, 50,000.00
“3. Sam-Har Realty Co. 50,000.00
“If one note is paid all three must be paid simultaneously.”
In his complaint plaintiff alleged that demand had been made for the unpaid balance of $40,000 but payment was refused. Plaintiff demanded judgment in the amount of $40,000 together with interest, costs, and reasonable attorney’s fees as provided for in the note.
The defendant filed its answer admitting the. execution and delivery of the note and asserting, as its sole defense, that the plaintiff’s note was one of three notes executed at the same time and as a part of the same transaction; that said notes were issued upon the oral agreement of all the parties that neither of the three payees would demand payment on the note held by him unless and until all three holders demanded payment and were paid simultaneously; that since neither Abe Parker nor Sam-Har Realty Co. has demanded payment and neither has received any payment whatsoever, plaintiff had no right to make demand for or to receive payment.
Plaintiff moved to strike the defense and upon hearing, the motion was denied.
A non-jury trial was had, and the trial judge, after hearing the testimony and evidence of the respective parties, entered his order which reads in part as follows:
“The court finds that said parties, to wit, Jack Rothstein, the plaintiff, Abe Parker, and. Sam Har Realty Co., each agreed with the other, in consideration of their mutual agreements that neither one of said three holders would demand payment of the note held by such holder unless all three holders demanded payment, and that no one should be paid before the other, and that all should be paid simultaneously and that it was the intention of the parties at the time of the execution and delivery of said three promissory notes that no one of the three holders should have the right to demand payment of his note unless the other two also demanded payment at. the same time .and that no one of said notes should be paid unless all three of said notes were paid simultaneously,, and the Court also finds that Abe Parker and Sam-Har Realty Co., the holders of the other two notes never demanded payment of their respective promissory notes and that plaintiff, Jack Rothstein had no right to demand payment of his note unless and until the other two holders demanded payment of their notes and that therefore this suit is premature and should be dismissed without prejudice to the right of plaintiff, Jack Rothstein to maintain suit upon said promissory note, Exhibit ‘A’ if and when the other respective holders-of said notes demand payment of the two notes held by them respectively. It is therefore,
“CONSIDERED, ORDERED and ADJUDGED that plaintiff’s complaint and this suit be and same is hereby dismissed without prejudice to the right of plaintiff, Jack Rothstein to commence and maintain suit upon said promissory note, Exhibit ‘A’ if and when the same shall mature by a simultaneous demand of each of the three holders of said three notes. * * *”
Plaintiff appeals from the above order and assigns as error the order denying plaintiff’s motion to strike.
The question before us is whether the admission of parol evidence of an agreement requiring simultaneous demand would *567 alter, vary or contradict the language of the demand note which only required simultaneous payment. If it would, then such evidence is 'inadmissible and the defendant’s sole defense, which attempted to lay the foundation for introduction of such inadmissible parol evidence, should have been stricken and judgment should have been entered in favor of the plaintiff, there being no defense remaining.[1]
We find that the law of our state amply supports the plaintiffs position that where conditions of payment are clearly set forth in a note, parol evidence of a different agreement, made at the time of execution of the note, is inadmissible.
The leading case on this point is Forbes v. Fort Lauderdale Mercantile Co., 83 Fla. 66, 90 So. 821. In this case our Supreme Court affirmed the trial court’s order striking the defendant’s defensive pleas and entering a final judgment in favor of the plaintiff. The defendant-maker, after admitting the execution and delivery of the note to the plaintiff-payee, set forth the defense of lack of consideration, alleging that the parties had entered into a contemporaneous oral agreement to the effect that the note was for the sole purpose of making the books of the plaintiff corporation look 'better and would not be binding and enforceable against the defendant-maker.
Our Supreme Court decided that such a defense was nothing more than an attempt to lay the groundwork for the admission of evidence to contradict or vary the terms of .a valid written engagement to pay unconditionally to plaintiff a definite sum of money at a given future time and that since the plea sets up no defense to the action, susceptible of legal proof, it was properly stricken.[2]
In Rivers v. Brown, 62 Fla. 258, 56 So. 553, the plaintiff sued on a promissory note executed by the defendant and payable to the plaintiff on or after March 1, 1909. The defendant, Rivers, alleged in his answer that at the time he executed the note the plaintiff orally agreed that payment would be postponed until the property purchased (cross-ties) was sold by the defendant. The defendant further alleged that since said property had not been sold, the note was not presently due. Our Supreme Court, in holding that such evidence was not admissible to vary the time of payment provided in the note, stated as follows:
“It is a well-settled principle of the law of evidence that proof of a contemporaneous parol agreement is inadmissible to contradict or vary the terms of a valid written instrument. On its face, the first plea lays the foundation for the introduction of parol testimony to contradict the terms of the note sued upon and set out in extenso in the declaration. The note, by its terms, fixed the time of its maturity, and the time when the holder might lawfully resort thereto for the collection of the amount due. The terms of the note constitute a plain, unconditional promise, on a stipulated date, to pay to the plaintiff a given sum of money for value received. The plea, if sustained, would contradict, alter, and vary the terms of this written contract, so as to make the time of payment uncertain and dependent upon the sale and disposition of the cross-ties by the defendant. (Citing cases.)
“Upon a bare inspection of this plea, it is so faulty and defective as to constitute no defense to the action, and will be held bad, even under the ground of the demurrer that the plea does not state facts showing any defense to the plaintiff’s cause of action. Heathcote *568 v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. 950.”
In our opinion, the note in question, including' the inscription appearing on its reverse side, constitutes the entire agreement of the parties as to the conditions of payment. Therefore, defendant’s sole defense, which attempted to set up a different parol agreement, should have been stricken. To permit the interjection of the defense that there was a contemporaneous oral agreement, requiring simultaneous demand by three independent payees on separate notes would be to substitute an entirely new agreement for that provided for by the note.
For the reasons stated the judgment appealed is reversed and the cause remanded with directions to enter judgment for the plaintiff.
Reversed and remanded with instructions.

. E. A. Turner Const. Co. v. Demetree Builders, Inc., Fla.App., 1982, 141 So.2d 312.

. See also Fannin v. Fritter, 127 Fla. 97, 172 So. 091; Anderson v. Ax, 104 Fla. 294, 139 So. 798; Boyer Brothers, Inc. v. Miami National Bank, 90 Fla. 65, 105 So. 113.