TILLMAN PEARSON, Judge
(concurring specially).
I am unable to agree that the plaintiffs’ failure to tender into the registry of the court the accrued interest and the principal payment, rendered the complaint fatally defective. I would distinguish Freitag upon the basis of the different allegations of the complaints in the two cases and upon the relief sought.
Nevertheless, I concur in the conclusion that the complaint in the instant case failed to state a cause of action and in the decision reached by the majority. My conclusion is based upon the principle that a parol contract, made at the time of or prior to the execution of a negotiable promissory note, can not be pleaded or proved to show that the note was not to be paid at maturity, but was to be extended.
The law in Florida upon this subject is stated in Rivers v. Brown, 62 Fla. 258, 56 So. 553 (1911), as follows:
“To an action upon a promissory note, the terms of which constitute a plain, unconditional promise to pay to the plaintiff, on a stipulated date, a given sum of money, for value received, a plea is bad, upon demurrer, that seeks to contradict, alter, and vary the terms of the note, so as to make the time of payment uncertain and dependent upon the sale of cross-ties by the defendant.” (Quoting headnote 1).
But Cf., Cockrell v. Taylor, 122 Fla. 798, 165 So. 887, 105 A.L.R. 1338 (1936), [parol-evidence allowed to show conditions precedent].
The principle seems to receive near universal recognition; it is summarized in Beu-tel’ Brannen Negotiable Instruments Law (Seventh Edition at page 384) as follows::
“A parol contract, made at the time of or prior to the execution of a negotiable promissory note, can not be pleaded or proved to show that the note was not' to be paid at maturity, but was to be extended. Commercial Nat. Bank v. Hutchinson Box Co.,, 98 Kan. 350, 158 Pac. 44; First Nat. Bank v. Staab, 1002 [102] Kan. 369,171 Pac. 3; Deerfield State Bank v. Coerber, 113 Kan. 498, 215 Pac. 285; Naftalin v. LaSalle Holding Co., 151 Minn. 68, 186 N.W. 128, not citing N.I.L.. Or that the maker of notes should have as long a time as it desired to pay them. Downing v. Brennan, 232 Mass. 535, 122 N.E. 729. Or that the note was to be renewed from year to year, upon payment of interest.. Lewis v. Wilson, 108 S.C. 47, 93 S.E. 242, not citing N.I.L. Or to show that the note was to be renewed yearly and paid only out of a special fund.. Merchants Nat. Bank v. Bryngelson, 160 Minn. 205, 199 N.W. 905, noted in 38 Harv.L.Rev. 391. Or to show that a sixty day note was to be repeatedly renewed until the maker had a year in which to repay the loan. Nelson v. Sapulpa State Bank, 88 Okla. 155, 212 Pac. 309, noted in 32 Yale L.J. 731.”
In Boyer Bros., Inc. v. Miami Nat. Bank, 90 Fla. 65, 105 So. 113 (1925) in a law action upon facts similar to the present case it was held that a contemporaneous, agreement between indorser and indorsee *25 that indorsee would grant maker two 90 day extensions before looking to indorser for payment was not admissible because of parol evidence rule. See also, Rothstein v. Forty-five, Twenty-five, Inc., Fla. App.1962, 145 So.2d 565.
The argument could be made that the principle does not apply in equity. But it was pointed out in Schwartz v. Zaconick, Fla.1954, 68 So.2d 173, that the parol evidence rule is applicable in equity.
The most frequently cited case for the •application of the principle in equity is Hall v. First National Bank, 173 Mass. 16, 53 N.E. 154, 44 A.L.R. 319. It involved an oral promise by the defendant Bank to renew the plaintiff’s promissory notes. On appeal from the sustaining of a demurrer to a bill in equity brought to enjoin the bank from enforcing payment of the notes hy action or to compel specific performance •of the agreement it was held that the bill was rightly dismissed. The main ground ■of the decision was that the promise contained in the note could not be contradicted by the oral promise. At page 155 the court stated:
“ * * * where there is no fraud other than that of relying upon the principles of law, we see no satisfactory ground for allowing the engagement in a note to be varied in this way in equity any more than at law, at least on behalf of a plaintiff seeking specific performance of the oral agreement.” (Citations omitted).
See generally, anno. “Admissibility of ■parol evidence to show that a bill or note was conditional, or given for special purpose.” 20 A.L.R. 421, 471; supplemented at 54 A.L.R. 702 and 105 A.L.R. 1346.
I therefore concur in the conclusion that the complaint failed to state a cause of action for an injunction to prevent the enforcement of the notes. Like the majority I do not reach the question of the applicability of Sect. 91 of 12 U.S.C.