242 So.2d 192 (1970)
SEAWAY YACHT SALES, INC., Appellant,
v.
BRUNSWICK CORPORATION and Bertram Yacht Sales of Fort Lauderdale, Inc., Appellees.
No. 70-244.
District Court of Appeal of Florida, Third District.
December 22, 1970.
Jepeway, Gassen & Jepeway, Miami, for appellant.
Blackwell, Walker & Gray and James E. Tribble, Miami, for Brunswick.
Heiman & Crary and Edward A. Kaufman, Miami, for Bertram.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
HENDRY, Judge.
Plaintiff-appellant Seaway Yacht Sales, Inc. ("Seaway") appeals the final judgment entered pursuant to a directed verdict for the co-defendants Brunswick Corporation ("Brunswick") and Bertram Yacht Sales of Fort Lauderdale, Inc. ("Bertram"), the appellees, at the close of all the *193 evidence in a jury trial. Appellant-Seaway generally contends that the evidence was sufficient to create jury-submissible questions as to cancellation of his boat dealership agreement because of an exception to the parol evidence rule and as to tortious interference with that agreement.
Seaway sued: (a) Brunswick and Bertram for illegal restraint of trade in violation of Ch. 542, Fla. Stat., F.S.A.; (b) Bertram for tortious interference with existing boat dealership contracts; and (c) Brunswick for breach of those contracts.
The parties agree that there was an important boat dealership agreement based upon several 1967 contracts between Seaway and Brunswick, that significant business problems and personality clashes developed between Brunswick as manufacturer and Seaway as dealer, and that the 1967 contracts drafted by Brunswick provided for cancellation in the following language:
"It is further agreed that this franchise may be cancelled by either party on thirty days notice for any reason whatsoever."
There is no dispute that Brunswick gave thirty days' written notice of its cancellation.
The parties do dispute whether the Brunswick-Seaway disagreements were so irreconcilable as to justify cancellation under the contract terms as properly construed; whether the trial court properly construed the contract language; and whether the Bertram-Brunswick negotiations constituted a tortious interference with an existing contract.
To begin with, it is not necessary to construe the contract language "for any reason whatsoever," for there is ample, undisputed evidence as to both personality clashes and business problems to justify Brunswick in cancelling the contracts. There was evidence that these problems had been resolved, but that does not negate their existence in the first place, nor does such evidence, even when combined with negotiations between Brunswick and another boat dealer, rise to the level of showing bad faith or willfulness which was the substance of Seaway's allegations in the complaint.
The specific contracts were executed on June 5, 1967, and by their terms were to continue until July 31, 1968, but did not expressly deal with renewal. Seaway attempted to prove a "contemporaneous oral agreement made contemporaneously with the executing of the direct dealer" contracts that they should be renewed annually. The lower court correctly barred any such evidence under the parol evidence rule. See: Boyer Bros. v. Miami Nat. Bank, 90 Fla. 65, 105 So. 113.
The dealership contracts involved did not expressly prohibit other boat dealers from obtaining a similar franchise. The substance of Seaway's argument as to tortious interference is that Brunswick and a rival boat dealer Bertram conducted negotiations, later signed a franchise agreement, and this was virtually simultaneous with the cancellation of Seaway's own dealership arrangement. In Lingard v. Kiraly, Fla.App. 1959, 110 So.2d 715, an employee sued a third person for tortious interference with an existing employment contract, and it was held that the lower court erred in failing to enter a directed verdict in favor of the defendant for failure to prove proximate causation between the defendant's conduct and loss of employment. The testimony is undisputed that Brunswick had been interviewing a number of dealers for another franchise, founded upon substantial business reasons. Seaway has failed to tie a fortuitous coincidence of time to any prior or contemporaneous wrongdoing of either Brunswick or Bertram.
It is our opinion that appellant-plaintiff Seaway Yacht Sales, Inc. has failed to demonstrate reversible error as to the rulings and judgment of the trial court.
Affirmed.