**In re: Herman J. ZOTTI, Debtor.**

**Bankruptcy No. 81–01192–BKC–SMW.**

United States Bankruptcy Court, S. D. Florida.

Nov. 13, 1981.

Robert E. Venney, Miami, Fla., for Midwestern Nat. Life Ins. Co. of Ohio.

Bennett Bovarnick, Miami, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause came on to be heard on October 9, 1981, upon the debtor, Herman J. Zotti's ("debtor") motion to assume an executory contract with Midwestern National Life Insurance Company of Ohio ("Midwestern National"), and the Court having considered the argument of counsel and Memoranda of Law submitted herein, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Midwestern National objected at the hearing on the assumption of the contract

and the parties submitted the controversy to the Court on stipulated facts.

The contract that the debtor has with Midwestern National at the time of the filing of his Chapter 11 petition had two features. The first was his authorization to act as an insurance sales agent individually, and the second feature was that of a director of other agents in which his responsibility was for recruitment, training and supervision of other individuals soliciting insurance within a specified geographical area.

The contract between the debtor and Midwestern National has been amended from time to time and the one in force and effect at the time of the filing of the petition herein was entered into on August 1, 1980. The debtor was given written notice of termination of the contract on August 28, 1981, and Midwestern National continued to have certain negotiations concerning his contract after the termination letter was received. A new agreement was offered to the debtor on September 2, 1981. However, on September 17, 1981, the debtor was informed that the prior termination letter would be reinstated and his authority to represent the company was withdrawn.

█ The primary subject matter of the contractual arrangements between the debtor and Midwestern National was the personal services of the debtor to be rendered in the sale of insurance and the recruitment and training of sub-agents. Attention was given to the compensation the debtor would receive, payment of expenses incurred and the vesting of certain earned commissions. The contract also provided that it may be terminated by either party through notice in writing. There was provision for assumption of the contract upon the approval of the parties. The debtor argued in his Memoranda of Law that personal service contracts may not be assigned and, therefore, the contract in question was not a personal service contract. Under applicable Florida law, personal service contracts may be assigned by consent of the parties thereto. 4 Fla.Jur.2d *Assignment* Section 7. The Court finds that the contract between the debtor and Midwestern National is a personal services contract.

█ Under 11 U.S.C. Section 365(c) a trustee (or a debtor-in-possession) may not assume an executory contract if applicable law excuses a party to such contract from accepting performance. Since the contract between the debtor and Midwestern National is a personal services contract, it is necessary to examine the facts and the applicable law of the State of Florida to determine whether this personal services contract may be assumed by the debtor or whether the law excuses a party to such contract from accepting performance. The Court of Appeals for the Fifth Circuit, in a case which required the application of Florida law, concluded that Florida authority permitted contracts for services of an indefinite duration to be terminable at will, without notice by either party. *Atkinson v. The Equitable Life Assurance Society of the United States*, 519 F.2d 1112 (5 Cir. 1975). The contract in question has no definate duration and is therefore terminable at will. The Court of Appeals relied in part upon its interpretation of the law of Florida with respect to services contracts on *Sher v. Shower Door Co.*, 197 So.2d 333 (Fla.App. 1967). Similar authority can be found in *Seaway Yacht Sales, Inc. v. Brunswick Corporation*, 242 So.2d 192 (Fla. DCA 3, 1970), and *Park Benziger & Co., Inc. v. Southern Wine & Spirits, Inc.*, 391 So.2d 681 (Fla. 1980).

█ The Court therefore concludes that the personal service nature of the contract between the debtor and Midwestern National, together with the terminable at will provision of the contract renders the contract unassumable if an objection is offered by Midwestern National.

The motion for assumption of the executory contracts will be denied by the entry of a separate judgment.