### In re Stanley J. EWING, and Patricia Ewing, Debtors.

### Bankruptcy No. 7–92–11447 MF.

United States Bankruptcy Court,
D. New Mexico.

Dec. 4, 1992.

---

Robert L. Finch, Jr., Farmington, NM, Trustee.

Jennie Deden Behles, Albuquerque, NM, for debtors.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the court on debtors' Motion For Sanctions under Bankruptcy Rule 9011 against the trustee and the trustee's attorney. Having considered the facts, the memoranda of law, the applicable law, and being otherwise fully informed and advised, the Court finds the motion is well taken and will be granted.

## FACTS

On or about April 16, 1992, debtors filed a chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Mexico. Robert Finch was appointed trustee on May 7, 1992. During the course of this proceeding Mr. Finch caused himself to be appointed attorney for the trustee in this matter.

On or about June 11, 1992, the trustee filed and served a Motion For Approval Of Assumption Of Executory Contracts. In this motion, the trustee sought to assume four executory contracts of the debtors. Three of the four contracts the trustee sought to assume were commercial leases with tenants of debtors' office building, including a lease with the Stan Ewing Agency. The lease with the Stan Ewing Agency was, in effect, a lease between the debtor and himself. The fourth executory contract was a contract between Stan Ewing and State Farm Insurance Company. The trustee failed to contact debtors' attorney prior to filing the motion to assume the lease with the Stan Ewing Agency as required by Local Rule 1–120.

The State Farm contract appointed Stan Ewing as an agent of various State Farm entities and provided for compensation to Ewing in relation to the sale of various types of insurance provided by State Farm. Section VI(A) of the contract specifically provided that the contract would be non-assumable. The trustee made no attempt to contact either State Farm or the debtors' attorney prior to filing the motion to assume this contract.

## DISCUSSION

Fed.R.Bankr.P.Rule 9011 is almost identical to Fed.R.Civ.P. 11 and was derived from that rule. The standards for imposition of sanctions under Rule 9011 and Rule 11 are the same. Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).[1]

---

1. Rule 9011 provides in part:
   The signature of an attorney or party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase

Conduct will be evaluated under a standard of objective reasonableness. *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir.1988). The attorney must "stop, look and listen" before signing a document subject to Rule 11. *Id.* [Quoting *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 157 (3d Cir.1986)]. What constitutes reasonable inquiry depends on the particular facts, the time available for investigation, the feasibility of prefiling investigation, the complexity of the factual and legal issues, as well as other factors. Fed.R.Civ.P.Rule 11 advisory committee's notes; *Thomas v. Capital Sec. Services, Inc.,* 836 F.2d 866, 875 (5th Cir.1988). In making a determination as to whether a reasonable inquiry has been made, the court may consider the time available to the attorney to prepare the documents, the plausibility of the legal view contained in the documents, and the complexity of the legal and factual issues raised. *Thomas* at 875–76. *Thomas* also noted several additional factors not applicable to the case at bar.

Once a violation of Rule 11 has been found, sanctions are mandatory. In *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184 (10th Cir.1985), the Circuit Court of Appeals addressed the issue of mandatory imposition of sanctions upon a finding of a Rule 11 violation. In *Chevron,* the court held, in pertinent part that:

> If a pleading, motion or other paper is signed in violation of this Rule, the Court shall impose upon the person who signed it, or the represented party, or both, appropriate sanctions, which may include an order to pay the other party the reasonable expense incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

*Chevron,* 763 F.2d at 1187. Though the impositions of sanctions is mandatory under Rule 11, the type of sanctions to be employed rests with the discretion of the trial court. Fed.R.Civ.P. 11 advisory committee notes; *Thomas,* 836 F.2d at 877.

The movant argues that the attempted assumption of each of the three commercial leases and the executory contract with State Farm are impermissible, and the attempted assumption of each is grounds for sanctioning the trustee and the trustee's attorney under Rule 9011. As the trustee retained himself as the attorney for the trustee and neither party has distinguished between the actions of the trustee and the trustee's attorney, no distinction between the two will be made in this opinion. Assumption of the real estate leases and assumption of the State Farm contract will be addressed separately.

Movant argues that because the trustee has attempted to assume only three of the four commercial leases held by the debtor and has attempted to assume these leases prior to finding a buyer for the property, that the trustee's actions are not in the best interest of the estate and show a lack of proper business judgment on the part of the trustee. In turn, the trustee asserts that the leases are valuable assets of the estate and thus should be assumed. Even assuming the trustee did not exercise proper business judgment, the movant has made no showing that the actions of the trustee and the trustee's attorney in attempting to assume the leases with Joel B. Burr and NP Inc. and the failure to assume the fourth lease violated the standard of objective good faith stated above. At most, the movant has shown that the trustee and movant have differing opinions as to the correct disposition of the leases in question. Therefore, this Court will not question the actions of the trustee and the trustee's attorney in attempting to assume these leases.

As to the lease with the Stan Ewing Agency, the debtor is correct in asserting that, as a matter of law, the trustee cannot assume this lease or force a reaffirmation

in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both,

an appropriate sanction, which may include an order to pay to the other party or parties, the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

by the debtor. The trustee had no legal basis for the attempt to assume the lease with the Stan Ewing agency. As an experienced case trustee, Mr. Finch should have been aware that he could not assume this lease or force reaffirmation by the debtor. Thus, imposition of sanctions under Rule 9011 is appropriate for his attempted assumption of this lease.

■ Further, the trustee failed to comply with Local Rule 1–120(b)[2] which requires counsel to determine prior to filing a motion whether or not it will be opposed. The trustee made no attempt to contact counsel for debtor prior to filing his motion to assume the lease in question. There is no doubt that the trustee was aware of the existence of and need to comply with this Court's rules. While the failure to comply with Local Rule 1–120 is not, by itself, adequate grounds for the imposition of sanctions under Rule 9011, its violation provides additional evidence that the trustee failed to conduct a reasonable inquiry prior to filing his motion to assume the lease with the Stan Ewing agency and thus strengthens the case for the imposition of sanctions.

The movant, however, has not shown that the attempted assumption of the lease with the Stan Ewing agency caused the debtor any substantial harm. As it is clear that the trustee cannot assume the lease with the Stan Ewing agency or force reaffirmation by the debtor, a clear concise reply to the trustee's motion would have prevented the attempted assumption at little cost to the debtor.

■ The failure to seek State Farm's concurrence in the trustee's motion to assume the State Farm contract was another violation of Local Rule 1–120. Failure to seek the debtor's concurrence in the motion was not a violation of Rule 1–120 as the debtor was not a party to the motion. As the debtor was not a party to the motion,

the debtor is not the proper party to seek sanctions against the trustee in relation to the attempted assumption of this contract. This Court, however, will address the trustee's actions in relation to the attempted assumption of the State Farm contract as substantial confusion appears to exist as to when the trustee may assume an executory contract for personal services.

■ The movant argues that the State Farm contract is a contract for personal services, and therefore not assumable under § 365(e)(2). A contract for the sale of insurance is a personal services contract. *In Re Zotti*, 16 B.R. 625 (Bankr.S.D.Fla. 1981). Movant cites *In Re Noonan*, 17 B.R. 793 (Bankr.S.D.N.Y.1982) and *In Re Carrere*, 64 B.R. 156 (Bankr.C.D.Cal.1986) for the proposition that a personal services contract may never be assumed by a trustee. Indeed, *Noonan* states that a personal services contract does not vest in the debtor's trustee and services performed under it are not "for the benefit of the estate, but rather for the personal benefit of the bankrupt." *Noonan*, at 798. *Carrere* states that a trustee has no power to assume a or reject a personal services contract as it never becomes property of the bankruptcy estate. *Carrere*, at 159.

These cases, however, and, the movant ignore the plain language of the Bankruptcy Code. Section 365(e) states that the trustee may not assume a contract for personal services if the other party to that contract "does not consent to such assumption or assignment." § 365(e)(2)(A)(ii). Section 365(c), another Code section relied on by the movant, contains identical language. § 365(c)(1)(B).

■ Here, the trustee attempted to assume a personal services contract for the sale of insurance without the consent of the other party to the contract. In his deposition, the trustee stated that prior to filing the motion to assume the insurance

**2.** Local Rule 1–120(b) states:
The movant shall determine whether or not a contemplated motion will be opposed. If the motion will not be opposed, the movant shall accompany his motion with a proposed order initialed by counsel for the opposing party or

parties. Otherwise, the motion shall state affirmatively that concurrence of opposing counsel was requested but denied or shall state why no request for concurrence was made.

contract that he was aware that the contract was for personal services and could not be assumed without the consent of State Farm. (Trustee's Deposition at p. 38.) The trustee also stated that he was aware of the contract provisions limiting assumption of the contract. Nevertheless he filed the motion to assume. This decision was apparently based upon the trustee's belief that it was the most efficient way to contact the appropriate decision makers at State Farm to determine whether State Farm would consent to the trustee's assumption of the contract. Further, the trustee believed that a certain urgency existed because he had only sixty days to assume any executory contract, or it would be deemed rejected under § 365(d)(1). (Trustee's Deposition at p. 37.) Thus, the trustee filed the motion to assume without seeking State Farm's consent to assumption of the contract.

Rule 9011 requires that the court judge the attorney's conduct under "an objective standard of reasonableness." *In Re Byrd Inc.*, 927 F.2d 1135, 1137 (10th Cir.1991). The evidence indicates that the trustee did perform some research in the area of executory contracts. His conclusion that he had the ability to assume this executory contract for personal services, with the consent of State Farm, was correct. The trustee's belief that he had only sixty days to assume the State Farm contract was also correct. Section 365(d)(1) states

> "In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract ... of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such contract ... is deemed rejected."

As there is no question that the contract with State Farm was an executory contract, this section was applicable. Apparently the trustee's awareness that he had only sixty days to assume this executory contract led him to file a motion that was at best ill advised and which also violated Local Rule 1–120. It also appears no thought was given to filing a motion to extend the 60 day period, which would also

have required compliance with Local Rule 1–120.

The trustee's attorney received notice from State Farm on June 28, 1992, that State Farm would "vigorously oppose any such attempted assumption" of the contract with the debtors. Plaintiff's Exhibit 25. As the trustee stated that the motion to assume the executory contract with State Farm was filed in an attempt to gain State Farm's assent to the assumption, the trustee no longer had any valid reason to maintain the motion. The motion, however, was not withdrawn until August 10, 1992, well over a month after the trustee was notified by State Farm that it would not consent to assumption of the contract. This delay would create grounds for the imposition of sanctions under Rule 9011 as the trustee no longer had good faith grounds for maintaining the motion.

The type of sanction is discretionary with the court. The movant seeks attorney fees incurred as a result of the actions of the trustee and the trustee's attorney. The amount sought is excessive. The movant filed a 12 page memorandum brief, much of which dealt with the issue of whether or not the trustee could assume the executory contract with State Farm, without State Farm's consent. The trustee, however, stated that he believed he could only assume the contract with the consent of State Farm, the other party to the contract. Much of the remainder of movant's brief dealt with whether the trustee exercised good business judgment in assuming some of but not all of the leases in an office building in which the debtor was the owner and lessor. The trustee's business judgment is not, however, the issue here. Rather, the issue is whether the trustee's actions were objectively reasonable.

The movant asserts that the trustee's actions in seeking to assume the lease with the Stan Ewing agency and the contract with State Farm without State Farm's consent were clearly in violation of applicable case law and the Bankruptcy Code. The movant is correct in that assertion. The movant, however, was not a proper party to the attempted assumption of the State

Farm contract and is therefore not the proper party to seek sanctions against the trustee in relation to the attempted assumption of that contract. A brief reply by movant in response to trustee's motion to assume the lease with the Stan Ewing Agency would have been sufficient to show that the trustee had no power to assume that lease.

Movant will be awarded $100 in attorney fees, an amount this Court believes is reasonable in relation to the attempted assumption of the lease with the Stan Ewing Agency.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. An appropriate order shall enter.